Clarence R. ADAMS, Ray M. Cottle, Loran K. Gunnell, and Laval Willden, Plaintiffs,

v.

WESTERN CONFERENCE OF TEAMSTERS PENSION PLAN, an Unincorporated Association, and Kenneth W. Barrow, a Trustee of the Western Conference of Teamsters Pension Trust Fund, Defendants.

Civ. No. NC 77–0049.

United States District Court, D. Utah, N. D.

Oct. 10, 1979.

§ 48(h) draft regulations. Pies affidavit, Plaintiff's Motion for Summary Judgment.

K. Roger Bean, Layton, Utah, for plaintiffs.

Dennis McCarthy, and Chris Wangsgard, Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, Utah, for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

ALDON J. ANDERSON, District Judge.

This case was tried to the Court, sitting without a jury. At the conclusion of the trial, the Court stated its views of the evidence and the reasons for its decision in favor of defendants herein on the record. The Court makes the following findings of fact and conclusions of law, pursuant to Rule 52 of the Federal Rules of Civil Procedure.

## FINDINGS OF FACT

1. Plaintiffs Clarence R. Adams and Ray M. Cottle are retired on disability pensions from defendant Western Conference of Teamsters Pension Trust Fund. Plaintiffs Loran K. Gunnell and Laval Willden are not disabled nor retired but are participants in defendants' Pension Plan.

2. The defendants are the Western Conference of Teamsters Pension Trust Fund (an employee benefit trust fund with a joint board of employer and union representatives as trustees), and individual Trustee Kenneth Barrow.

3. As established in 1955, defendants' Pension Plan had no disability pensions. They were added in 1960, but at amounts less than full age 65 retirement pensions. In 1962, the Trustees increased the amount of the disability pension to equal the age pension. They also added an early retirement feature to the Plan, whereby participants could retire at ages younger than 65, at actuarially reduced amounts.

4. By 1973, the Trustees noted a steep escalation in the cost of providing disability pensions at the levels of full age 65 pensions. They decided to control those costs by reducing the value of disability pensions—prospectively only; not including persons already retired on disability—to equal early retirement pensions at the same age (but with a minimum, or "floor," of 55% of the unreduced amount).

5. As applied to the two plaintiffs who became disabled and retired on disability pension in 1976, the age reduction factors operated as follows:

| Plaintiff | Age at Retirement | Amount of Actual Disability Pension | Amount if pre-1976 Rules Applied |
|---|---|---|---|
| Clarence R. Adams | 52 | $231.50 | $421.50 |
| Ray M. Cottle | 58 | 349.50 | 470.50 |

6. The Trustees' action in lowering the level of disability pensions to the age-reduced level of early retirement pensions was within the discretion afforded them by their Trust Agreement. That reduction was based on substantial evidence available to the Trustees and was reasonable. They did not abuse their discretion in effecting that reduction.

7. Plaintiff Clarence R. Adams has not satisfied his burden of proof that defendants failed to comply with his request for documents under § 104(b)(4) of ERISA, 29 U.S.C. § 1024(b)(4).

8. Even if defendants did fail to send plaintiff Adams one or more of the documents that he requested, he was not harmed by such failure, and the Court in the exercise of the discretion provided for in § 502(c) of ERISA, 29 U.S.C. § 1132(c), declines to award any damages.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of the action under 29 U.S.C. § 186(e) (Count I) and 29 U.S.C. § 1132(e) (Count II).

2. The Trustees' administration of the Plan as regards disability benefits was not arbitrary and capricious or otherwise in violation of § 302(c) of the Labor-Management Relations Act, 29 U.S.C. § 186(c).

3. Defendants did not violate § 104(b)(4) of ERISA, 29 U.S.C. § 1024(b)(4).

4. As a matter of law and in the sound discretion of the Court, plaintiff Clarence R. Adams is afforded no relief under § 502(c) of ERISA, 29 U.S.C. § 1132(c).

5. Defendants shall have and recover their costs of suit from plaintiffs.