Gordon W. FORD, Angelo Gerace, and Leonard Slawiak, Plaintiffs,

v.

NEW YORK CENTRAL TEAMSTERS PENSION FUND; Truck Drivers Union Local No. 449, of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America; American Linen Supply Company; Nicholas M. Robilotto; Charles Lewczyk; Albert D. Matheson; and Richard Knapp, Defendants.

No. CIV-77-340.

United States District Court, W. D. New York.

Sept. 15, 1980.

——.

Jack J. Geller, and Leo J. Fallon, Buffalo, N. Y., for plaintiffs.

Joseph M. Crotty, Buffalo, N. Y., for defendant Truck Drivers Local 449.

Alan M. Levy, Milwaukee, Wis., for defendant New York Central Teamsters Pension Fund and defendants Robilotto, Lewczyk, Matheson and Knapp.

Robert B. Conklin, Buffalo, N. Y., for defendant American Linen Supply Co.

ELFVIN, District Judge.

The plaintiffs commenced this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") § 502, 29 U.S.C. § 1132. Following a non-jury trial on the merits of the case, I entered judgment in favor of plaintiffs by my Findings of Fact, Conclusions of Law and Order dated January 29, 1980 and entered January 31 (hereinafter "Findings of Fact"). Presently before me is plaintiffs' motion for an award of attorney's fees in an amount of $18,-730.00.[1]

Section 1132(g) authorizes a court in its discretion to award reasonable attorney's fees and costs to either party in any action brought pursuant to section 502. Plaintiffs

---

1. Plaintiffs' notice of motion for the award of attorney's fees was filed March 31, 1980. Generally, a motion to alter or amend a judgment must be made within ten days of entry of the judgment (Fed.R.Civ.P. rule 59(e)) and, in the circumstances presented in this case, it is unclear whether the court would have authority to entertain plaintiffs' motion. *See, Fase v.* *Seafarers Welfare and Pension Plan*, 589 F.2d 112, 114, n.3 (2d Cir. 1978). However, counsel for defendant has not objected to the untimeliness of plaintiffs' motion and, in fact, has stated that it would prefer a decision on the merits of the motion. I will therefore proceed to a consideration of the merits.

rely on this statutory authorization and argue that an award of attorney's fees is equitable in this case. Defendants argue that attorney's fees may be awarded against a pension fund only if the action has benefited a general class of beneficiaries of the fund. Plaintiffs' action did not confer such a general benefit [2] and defendants accordingly submit that this court is precluded from awarding attorney's fees to plaintiffs. For the reasons set out below I find that an award of attorney's fees is both permissible and appropriate.

ERISA's authorization of recovery of attorney's fees is broad; section 1132(g) permits recovery of fees *"in any action"* under subchapter I (29 U.S.C. §§ 1001–1144) by a participant in a pension plan. The authorization was intended to enable pension claimants to obtain competent counsel and to distribute the economic burden of litigation in a fair manner. *Carter v. Montgomery Ward & Co.*, 76 F.R.D. 565, 568 (E.D.Tenn.1977). Despite the broad language of the section and Congress's apparent intent to relieve, at least to some extent, the financial burden imposed on pension claimants by litigation, the defendants suggest that the section should be so construed as to permit recovery of attorney's fees only when the litigation has benefited a general class of pension plan participants or beneficiaries. This so-called "common benefit rule" upon which defendants rely arose as an exception to the general rule that, in the absence of statutory authorization, a prevailing party may not recover attorney's fees. *Mills v. Electric Auto-Lite*, 396 U.S. 375, 391–392, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970); *Burroughs v. Bd. of Trustees of Pension Trust, Etc.*, 542 F.2d 1128, 1131–32 (9th Cir. 1976), *cert. denied*, 429 U.S. 1096, 97 S.Ct. 1113, 51 L.Ed.2d 543 (1977). *See, Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Because ERISA expressly authorizes an award of attorney's fees, it is not necessary for a plaintiff in an action thereunder to fit himself within a particular exception to the general common law rule prohibiting recovery of attorney's fees. *See, Baeten v. Van Ess*, 474 F.Supp. 1324 (E.D.Wis.1979).[3]

Defendants have cited several cases which purportedly require the application of the common benefit rule in this action. *Burroughs, supra*, was an action for recovery of pension benefits brought under section 302(c)(5) (29 U.S.C. § 186(c)(5)) of the Labor Management Relations Act of 1947 ("the LMRA"). In affirming the district court's refusal to grant an award of attorney's fees, the United States Court of Appeals for the Ninth Circuit specifically noted that section 302 of the LMRA does not authorize such awards. *Id.*, at 1131. In *Fase v. Seafarers Welfare and Pension Plan, supra* at fn. 1, the plaintiffs relied on the same section of the LMRA and unspecified portions of ERISA. The district court had granted summary judgment for the plaintiffs with respect to the LMRA claim and therefore had not decided the merits of plaintiffs' claims under ERISA. It had refused to award the plaintiffs attorney's fees and the appellate court affirmed, stating that "an altogether sufficient support for the court's decision not to award attorney's fees under ERISA is that the attorney obtained no relief under that statute." *Id.*, at 116. *Fase* and *Burroughs* are clearly distinguishable from the present case on the grounds that in neither case did the plaintiff obtain relief under a statute expressly authorizing recovery of attorney's fees. It should also be noted that in *Fase* the court stated that ERISA "would afford a stronger basis for the award of attorney's fees"

---

**2.** The Memorandum and Order held that certain provisions of an amended pension plan could not be retroactively applied to plan participants who retired prior to the adoption of the amended plan. *See,* Findings of Fact, Conclusions of Law and Order, entered January 31, 1980, at 31, n.15. The plaintiffs were the only plan participants who met this criterion.

**3.** Congress, in passing the ERISA provision for recovery of attorney's fees, did not merely intend to codify existing common law rules and therefore it was not necessary for plaintiff to show bad faith on the part of defendants in order to recover attorney's fees. *Baeten v. Van Ess, supra*, at 1332.

than is afforded by the LMRA and thereby implied that the common benefit rule applied under the LMRA should not bar recovery of attorney's fees in actions under ERISA. *Id.*

*Harper v. International Brotherhood of Teamsters,* CIV–E76–15(N) (S.D.Miss.1978) (unreported opinion) and *Keller v. Graphic Systems of Akron, Inc.,* 422 F.Supp. 1005 (N.D.Ohio 1976), the final cases upon which defendants rely, are also distinguishable from the present case on the same grounds.

 I therefore conclude that the failure of plaintiffs' action to confer a common benefit on a group of pension plan participants does not bar their recovery of attorney's fees. The absence of such a common benefit is one factor to be considered by a court in determining the propriety of a particular award of attorney's fees. *Eaves v. Penn,* 587 F.2d 453, 465 (10th Cir. 1978). Other factors to be considered are (1) the degree of the offending parties' culpability or bad faith, (2) the ability of the offending party(ies) to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances and (4) the relative merits of the parties' positions. *Id.; Baeten v. Van Ess, supra,* at 1332.

In light of these considerations an award of attorney's fees against the defendant pension fund is appropriate. My Findings of Fact concluded that the defendant pension fund had violated 29 U.S.C. § 1082(c)(8) by failing to submit proposed retroactive amendments to the pension plan to the Secretary of Labor for approval. Findings of Fact, at 31. In view of the fact that plaintiffs were wrongly denied substantial retirement benefits and were forced to pursue legal remedies, such failure renders the pension fund sufficiently culpable to justify an award against it of attorney's fees.

I conclude, however, that attorney's fees may not be assessed against the defendant union or against the individual trustees of the pension fund. There has been no showing that said defendants were culpable for the damages sustained by the plaintiffs. Findings of Fact, at 32–33 and 33–37.

Finally, I conclude that $18,730.00 is a reasonable sum for attorney's fees in this case. Said figure was calculated by multiplying the number of hours spent by counsel by counsel's usual hourly rate. This traditional formula provides a reasonable basis for calculating attorney's fees pursuant to ERISA. *Winpisinger v. Aurora Corp.,* 469 F.Supp. 782, 785 (N.D.Ohio 1979). Inasmuch as defendants do not contest the amount of fees requested by plaintiffs,[4] I adhere to such procedure.

Therefore, plaintiffs' motion for an award of attorney's fees in the sum of $18,730.00 is hereby ORDERED granted with respect to the defendant pension fund; and is hereby ORDERED denied with respect to the defendant local union and the individual trustees. Judgment may be entered in accordance herewith.

---

4. Plaintiff Ford, who settled his claim prior to trial, relinquished all claims for recovery of attorney's fees. Stipulation and Settlement Agreement, dated August 24, 1978, ᶜ 4. I have assumed in the absence of protest by defendants that the amount of fees requested by plaintiffs does not include any fees for legal services performed for Ford.