Gordon W. FORD, Angelo Gerace and Leonard Slawiak, Plaintiffs-Appellees,

v.

NEW YORK CENTRAL TEAMSTERS PENSION FUND; Truck Drivers Union Local No. 449, of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America; American Linen Supply Company; Nicholas M. Robilotto; Charles Lewczyk; Albert D. Matheson; and Richard Knapp, Defendants-Appellants.

No. 704, Docket 80–7852.

United States Court of Appeals, Second Circuit.

Argued Feb. 4, 1981.

Decided Feb. 13, 1981.

---

David J. Mahoney, Offermann, Fallon, Mahoney & Cassano, Buffalo, N. Y., for plaintiffs-appellees.

Alan M. Levy, Goldberg, Previant, Uelmen, Gratz, Miller, Levy & Brueggeman, S. C., Milwaukee, Wis. (Joseph M. Crotty, McMahon & Crotty, Buffalo, N. Y., of counsel), for defendants-appellants.

Before FEINBERG, Chief Judge, NEWMAN, Circuit Judge, and MISHLER, District Judge.*

PER CURIAM:

Plaintiffs-appellees are retired employees of the American Linen Supply Company and members of Truck Drivers Union Local No. 449 of the International Brotherhood of Teamsters. In 1977, they brought this ac-

tion in the United States District Court for the Western District of New York against the company, the union local, and the New York Central Teamsters Pension Fund and its trustees. Among other things, plaintiffs challenged the Fund's retroactive application of certain pension plan amendments mandated by the Employee Retirement Income Security Act of 1974 (ERISA), which had the effect of reducing their monthly benefits. In an unreported opinion dated January 29, 1980, following a nonjury trial before John T. Elfvin, J., the district court found that the amendments had been wrongfully applied and ordered appropriate recovery. Thereafter, in an opinion reported at 506 F.Supp. 180, Judge Elfvin granted plaintiffs' motion for attorney's fees under section 502(g) of ERISA, 29 U.S.C. § 1132(g), awarding the entire $18,730 claimed.[1]

■ We see no error in Judge Elfvin's conclusion, based upon his thoughtful analysis of the ERISA statute and of more general case law dealing with the award of attorney's fees, "that the failure of plaintiffs' action to confer a common benefit on a group of pension plan participants does not bar their recovery of attorney's fees" under section 502. Nor do we see any basis for finding that Judge Elfvin's grant of the award in this case constituted an abuse of the discretion conferred by the statute.

Accordingly, we affirm the judgment of the district court on the opinion of Judge Elfvin.

■ We also grant appellees' motion for an award of attorney's fees for the present appeal. Cf. *Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir. 1979), aff'd, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980), citing *Souza v. Southworth*, 564 F.2d 609, 614 (1st Cir. 1977) (cases under the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988). See also Note, Promoting the Vin-

---

* Senior District Judge, Eastern District of New York, sitting by designation.

1. Section 502(g), a part of ERISA's civil enforcement provision, states:

(g) In any action under this subchapter by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

dication of Civil Rights Through the Attorney's Fees Awards Act, 80 Colum.L.Rev. 346, 359 & nn. 90 & 91 (1980). We note in this connection appellants' statement to this court that they do not contest the amount claimed.