Irwin **PLOTKIN**, Plaintiff,

v.

**BEARINGS LIMITED**, John Bauer, Michelle Saunders, Jeff D. Feldman, and Martin Granowitz, Defendants.

**BEARINGS LIMITED**, Defendant,

v.

Irwin **PLOTKIN**, Plaintiff,

and Ga–Ro International, Inc., Counterclaim–Defendant.

No. CV 91–0472.

United States District Court, E.D. New York.

Nov. 21, 1991.

---

Alan Polsky, Bohemia, N.Y., for plaintiff/counterclaim-defendant.

Feldman & Feldman by Steven A. Feldman, Hauppauge, N.Y., for defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff/counterclaim defendant Irwin Plotkin ("Plotkin") brings this action against defendant/counterclaim plaintiff Bearings Limited ("Bearings" or "the company") as well as defendants John Bauer ("Bauer"), Michelle Saunders ("Saunders"), Jeff D. Feldman and Martin Granowitz, (collectively "defendants"), alleging, *inter alia*, violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1024(b)(4) and 1132(a)(1)(B). This Court has jurisdiction to hear this action pursuant to 29 U.S.C. § 1132(e). Additionally, both Plotkin and Bearings assert various state claims and counterclaims. Currently before the Court is Bearings' motion to dismiss [1] in its entirety Plotkin's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Plotkin's cross-motion to dismiss Bearings' counterclaims against Plotkin and counterclaim defendant GA–RO International, Inc. ("GA–RO"). For the reasons set forth below, the Court grants defendants' motion to dismiss the ERISA claims and declines to hear the remaining state claims and counterclaims.

## BACKGROUND

On July 6, 1990, Bearings, a ball and roller bearings importer/exporter and wholesaler, terminated Plotkin, who for fifteen years had been an employee of the company. On August 21, 1990, Bearings commenced an action in the Supreme Court of Suffolk County, New York, alleging, *inter alia*, that Plotkin had secretly violated his duty of loyalty by incorporating and operating GA–RO,[2] a competitor company, while he was employed by defendant. On

---

1. The motion seeks, in part, to dismiss the action against Bauer and Saunders on the ground that they are not administrators under the plan in question.

2. GA–RO is a named defendant in the state action and a counterclaim defendant in the federal action.

October 5, 1990, Plotkin filed his answer and that suit is currently pending.

On February 7, 1991, Plotkin filed an action in this Court alleging a violation of 29 U.S.C. § 1024(b)(4). Specifically, Plotkin contends that defendants failed to respond to written requests made to Bauer, on May 3 and May 21, 1990, two months prior to Plotkin's termination by Bearings, for information regarding the company pension plan including "how the figures were compiled, how the PLAN works, the rules and regulations of the PLAN and the plaintiff's current statement." Complaint at 3. Defendants contend that Plotkin made these requests to parties who are not designated as administrators of the plan as required by the statute and, thus, has failed to set forth any basis for relief.

Plotkin also asserts, pursuant to 29 U.S.C. § 1132(a)(1)(B), that defendants "failed to properly clarify [his] rights to future benefits under the PLAN." *Id.* In addition, Plotkin alleges various state law causes of action.

## DISCUSSION

■ On a motion to dismiss, the allegations of the complaint must be accepted as true, *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972), and the complaint must be construed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Furthermore, a complaint cannot be dismissed for failure to state a claim unless it appears beyond a doubt " 'that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Dahlberg v. Becker*, 748 F.2d 85, 88 (2d Cir.1984) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)), *cert. denied*, 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985).

*ERISA Claims*

As noted, Plotkin alleges that defendants violated 29 U.S.C. § 1024(b)(4) which states:

The administrator [of the plan] shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments upon which the plan is established or operated.

29 U.S.C. § 1024(b)(4). Deliberate failure by the plan administrator to provide such information within thirty days allows a court, in its discretion, to impose a penalty of up to $100 per day. 29 U.S.C. § 1132(c)(1)(B).

Plotkin asks this Court to impose a penalty of $100 per day commencing June 1, 1990. Defendants contend that Plotkin received the information he requested on November 21, 1990. Plotkin disputes this contention but admits that he obtained the requested information on February 20, 1991, after the commencement of this action.

■ The Court finds that defendants have failed to overcome the stringent standard that would allow this Court to grant defendants' motion to dismiss on that basis. *See Conley*, 355 U.S. at 45–46, 78 S.Ct. at 101–02. Under ERISA, the decision to impose a penalty on an administrator who fails to furnish the requested information to a participant of the plan within 30 days is placed within the discretion of the court. 29 U.S.C. § 1132(c)(1)(B). However, penalties are generally not imposed for "technical violations" of that statute. *See Chambers v. European American Bank and Trust Co.*, 601 F.Supp. 630, 638 (E.D.N.Y.1985) (no penalty imposed where information was provided 42 days after the statutory deadline).

As stated, on a motion to dismiss, a court must accept the allegations made in the complaint as true. *See Cruz*, 405 U.S. at 322, 92 S.Ct. at 1081. Thus, this Court must assume for purposes of this motion that Plotkin directed his request to the proper individual. Plotkin claims to have received the information he requested ten months later. In this Court's view, a delay of ten months cannot be characterized as a

"technical violation." Accordingly, defendants' motion to dismiss cannot be granted on that ground.

However, the length of the delay is not dispositive with regard to the imposition of penalties. In this case, Plotkin has wholly failed to allege that he was harmed or otherwise prejudiced by the delay in receipt of the information. Similarly, Plotkin has not even demonstrated bad faith or intentional delay on defendants' part. "The weight of authority indicates that penalties are not imposed when a plaintiff has failed to demonstrate [such injury]." *Chambers*, 601 F.Supp. at 638 (citing *Paris v. Profit Sharing Plan*, 637 F.2d 357, 362 (5th Cir.), *cert. denied*, 454 U.S. 836, 102 S.Ct. 140, 70 L.Ed.2d 117 (1981); *Wesley v. Monsanto Co.*, 554 F.Supp. 93, 98 (E.D.Mo. 1982), aff'd 710 F.2d 490 (8th Cir.1983); *Shlomchik v. Retirement Plan of Amalgamated Ins.*, 502 F.Supp. 240, 245 (E.D.Pa.1980), *aff'd*, 671 F.2d 496 (3d Cir. 1981); *Pollock v. Castrovinci*, 476 F.Supp. 606, 618 (S.D.N.Y.1979), *aff'd without opinion*, 622 F.2d 575 (2d Cir.1980); *Adams v. Western Conference of Teamsters Pension Plan*, 484 F.Supp. 933, 935 (D.Utah 1979) (even if defendants failed to send one or more documents, plaintiffs were not harmed by such failure)). *See also Kelly v. Chase Manhattan Bank*, 717 F.Supp. 227, 233 (S.D.N.Y.1989) (nine month delay without a showing that plaintiff was prejudiced by the delay is not sufficient to overcome defendant's motion for summary judgment). It is for this reason that the Court grants, without prejudice, defendants' motion to dismiss Plotkin's claim under 29 U.S.C. § 1024(b)(4) and declines to impose penalties under 29 U.S.C. § 1132(c)(1)(B).

Plotkin also asserts a claim pursuant to 29 U.S.C. § 1132(a)(1)(B) is dismissed with prejudice. As noted, Plotkin alleges that defendants "failed to properly clarify [his] rights to future benefits under the PLAN." Complaint at 3. However, an examination of the papers before the Court reveals conclusively that Plotkin was provided with this information several months prior to commencing this action. Accordingly, Bearings' motion to dismiss is granted with prejudice with respect to this claim.

### State Claims

As noted, Plotkin commenced this action in February of 1991. Therefore, 28 U.S.C. § 1367, enacted December 1, 1990, applies. Subdivision (a) of § 1367 provides the district court with supplemental jurisdiction over related claims provided the district court has original jurisdiction over a claim. 28 U.S.C. § 1367(a). However, clause (3) of subdivision (c) allows the court to decline supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Under the circumstances of the case this Court determines that considerations of judicial economy, comity, and fairness to the parties warrants the dismissal of the state claims and counterclaims.[3] *See United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

## CONCLUSION

For the reasons stated above, Plotkin's claim under 29 U.S.C. § 1024(b)(4) is dismissed without prejudice. Accordingly, the Court declines to exercise its discretion to impose penalties on the plan administrator under 29 U.S.C. § 1132(c)(1)(B). Plotkin's claim under 29 U.S.C. § 1132(a)(1)(B) is dismissed with prejudice. Lastly, the Court declines to exercise supplemental jurisdiction over Plotkin's state claims and Bearings' counterclaims. The Clerk of the Court is directed to close the file in this case.

SO ORDERED.

---

**3.** It is to be noted that Bearings' counterclaims virtually replicate those pending in the state court action.