Irwin **PLOTKIN**, Plaintiff,

v.

**BEARINGS LIMITED**, John Bauer, Michelle Saunders, Jeff D. Feldman, and Martin Granowitz, Defendants.

**BEARINGS LIMITED**, Defendant,

v.

Irwin **PLOTKIN**, Plaintiff,

and

**Ga–Ro International, Inc.,** Counterclaim– Defendant.

No. CV 91–0472.

United States District Court, E.D. New York.

June 2, 1992.

---

Alan Polsky, Bohemia, N.Y., for plaintiff.

Feldman & Feldman by Steven A. Feldman, Hauppauge, N.Y., for defendants.

WEXLER, District Judge.

Plaintiff/counterclaim defendant, Irwin Plotkin ("Plotkin"), brought the above-referenced action against defendant/counterclaim plaintiff, Bearings Limited ("Bearings"), as well as defendants, John Bauer ("Bauer"), Michelle Saunders, Jeff D. Feldman, and Martin Granowitz (collectively "defendants"), alleging, *inter alia*, violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1024(b)(4) and 1132(a)(1)(B). On November 21, 1991, 777 F.Supp. 1105, this Court granted defendants' motion to dismiss plaintiff's ERISA claims and declined to hear the state court claims and counterclaims brought by both Plotkin and Bearings. Now before the Court is Bearings'

application for attorney's fees in the amount of $16,059.75, and $328.12 in costs and disbursements pursuant to 29 U.S.C. § 1132(g)(1). For the reasons that follow, the application is denied.

## BACKGROUND

On July 6, 1990, Bearings, a ball and roller bearings importer/exporter, terminated Plotkin, who for fifteen years had been an employee of that company.[1] On February 7, 1991, Plotkin filed the action upon which this motion is based alleging, *inter alia*, a violation of 29 U.S.C. § 1024(b)(4).[2] Specifically, he contended that defendants had failed to respond within the required thirty day period to written requests for information about Bearing's pension plan made to Bauer, on May 3 and 21, 1990, two months prior to Plotkin's termination. Plotkin admitted to receiving the information on February 20, 1991, approximately ten months after he made the request. Plotkin asked the Court to exercise its discretion to impose upon defendants, pursuant to § 1132(c)(1)(B),[3] a $100 per day penalty commencing June 1, 1990.

The Court dismissed without prejudice Plotkin's § 1024(b)(4) claim after determining that he had failed to allege that he was harmed or otherwise prejudiced by the delay in receiving the information. Moreover, the Court found that he had not asserted that defendants acted in bad faith or that the delay was intentional. Thus, the Court declined to impose a penalty under 29 U.S.C. § 1132(c)(1)(B).

In addition, the Court dismissed with prejudice Plotkin's claim that defendants failed to properly clarify his rights to future benefits as required by 29 U.S.C.

---

1. On August 21, 1990, Bearings commenced an action in the Supreme Court of Suffolk County, New York, alleging, *inter alia*, that Plotkin had violated his duty of loyalty by secretly incorporating and operating GA–RO International, Inc. a competitor company, while he was employed by Bearings. On October 5, 1990, Plotkin filed his answer and, to this Court's knowledge, that suit is still pending.

2. 29 U.S.C. § 1024(b)(4) provides that:
   The administrator [of the plan] shall, upon written request of any participant or benefi-

ciary, furnish a copy of the latest updated summary plan description, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments upon which the plan is established or operated.

3. 29 U.S.C. § 1132(c)(1)(B) allows a court, in its discretion, to impose a penalty of up to $100 per day for deliberate failure by the plan administrator to provide the information within thirty days of the request.

§ 1132(a)(1)(B). The Court found that the record revealed that Plotkin was provided with that information several months before he commenced this action. Finally, the Court declined to exercise supplemental jurisdiction over Plotkin's state claims and Bearings' counterclaims.

## DISCUSSION

■ Bearings asks this Court to exercise its discretion to award attorney's fees and costs as provided by 29 U.S.C. § 1132(g)(1); *see also Fase v. Seafarers Welfare and Pension Fund,* 589 F.2d 112, 116 (2d Cir. 1978). In deciding whether a party is entitled to attorney's fees under that section, the Court must consider five factors. They are:

(1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter others from acting similarly under like circumstances, (4) the relative merits of the parties' positions and (5) whether the action sought to confer a common benefit on a group of pension plan participants.

*Miles v. New York State Teamsters Conference, Etc.,* 698 F.2d 593, 602 n. 9 (2d Cir.) (citing *Ford v. New York Cent. Teamsters Pension Fund,* 506 F.Supp. 180, 183 (W.D.N.Y.1980), *aff'd,* 642 F.2d 664 (2d Cir. 1981)), *cert. denied,* 464 U.S. 829, 104 S.Ct. 105, 78 L.Ed.2d 108 (1983); *see also Carpenters Southern Admin. Corp. v. Russell,* 726 F.2d 1410, 1415 (9th Cir.1984); *Hummell v. S.E. Rykoff & Co.,* 634 F.2d 446, 454 (9th Cir.1980). It is to be noted that none of these factors is dispositive and some may not be applicable to a particular case. *Russell,* 726 F.2d at 1416 (citation omitted).

Initially, Bearings argues that plaintiff's failure to allege harm or prejudice in the underlying action demonstrates bad faith in commencing the underlying action. The Court does not agree. Although the absence of an allegation of harm convinced this Court to dismiss the action, such a finding does not equate with a showing of bad faith on plaintiff's part.

Bearings also claims that plaintiff acted in bad faith in asking this Court to impose statutory penalties. Bearings states that "[e]ven after plaintiff was placed on notice that, under well-settled law in the Eastern District, he had failed to aver prejudice, he continued the lawsuit by engaging in motion practice and discovery." Affirmation of Steven A. Feldman in Support of Application for Attorney's Fees at p. 6. As support, Bearings cites *Chambers v. European Amer. Bank and Trust Co.,* 601 F.Supp. 630, 638–39 (E.D.N.Y.1985), upon which this Court relied in declining to impose penalties on plaintiff. Although the Court embraced the reasoning set forth in *Chambers,* it certainly was not bound to follow it.

Similarly, although the Court dismissed plaintiff's § 1132(a)(1)(B) claim with prejudice after determining that plaintiff had received the information he requested prior to filing this action, there is no indication in the record that the claim was made in bad faith. The record reveals that although plaintiff received the information prior to the commencement of the action, it was not provided to him in a timely manner as required by statute. *See* 29 U.S.C. § 1132(c)(1)(B). Moreover, it would be manifestly unfair to imply bad faith on plaintiff's part from the totality of confused events that transpired between the parties. In sum, the Court finds no evidence of bad faith or culpability on plaintiff's part.

The second factor to be considered is the ability of a party to satisfy a fee award. Bearings proffers that plaintiff's home and pension funds could be used to satisfy an award. Assuming, without deciding, that each item would be available to satisfy such a judgment, the idea is nevertheless unpalatable, where, as here, the Court has determined that there is no evidence that plaintiff acted in bad faith in bringing the action.

■ The third factor also weighs in plaintiff's favor. Although an award of attorney's fees in this case would undoubtedly deter others from filing similar actions, the Court is not convinced that this is

**386**

the preferred result. In the instant action, although the Court dismissed plaintiff's claims, it is significant that defendants had not complied with the statutes in question. It is not this Court's goal to discourage plaintiffs who seek to call to task plan administrators who fail to comply with statutory time requirements.

The fourth and fifth factors do not compel a different result. Although defendants prevailed on the motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that alone is not enough to warrant the imposition of attorney's fees. Finally, with respect to the fifth factor, it is significant that the action was not one "sought to confer a common benefit on a group of pension plan participants." *Miles*, 698 F.2d at 602 n. 9.

Bearings cites *Birmingham v. SoGen–Swiss Int'l Corp. Retirement Plan*, 718 F.2d 515, 523 (2d Cir.1983), for the proposition that attorney's fees *are* to be awarded absent some particular justification for not doing so. However, *Birmingham* actually states that "attorney's fees *may* be awarded to the prevailing party in the absence of some particular justification for not doing so." *Id.* (citations omitted) (emphasis added); *see also Fase*, 589 F.2d at 116 ("The provision is discretionary, not mandatory"). This Court finds ample justification for not doing so in the instant case.

## CONCLUSION

For the aforesaid reasons, the Court declines to grant Bearings' application for attorney's fees and costs.

SO ORDERED.