977 F.2d 470
 15 Employee Benefits Cas. 2876
 DOWNEY COMMUNITY HOSPITAL, a California non-profit
corporation, as administrator under the Downey
Community Hospital Employee Benefit Plan
Trust, Plaintiff-Appellee,
v.
Barbara WILSON, as parent and guardian ad litem of Thomas
and Jerry Wilson, minor plan beneficiaries, et
al., Defendant,
and
American Medical International, Inc.; Marijane Zimmerli,
D.O., Defendants-Appellants.
DOWNEY COMMUNITY HOSPITAL, a California non-profit
corporation, as administrator under the Downey
Community Hospital Employee Benefit Plan
Trust, Plaintiff-Appellee,
v.
Barbara WILSON, as parent and guardian ad litem of Thomas
and Jerry Wilson, minor plan beneficiaries, et
al., Defendant,
and
American Medical International, Inc.; Marijane Zimmerli,
D.O., Defendants-Appellants,
v.
STERLING INVESTORS LIFE INSURANCE COMPANY; Brougher
Insurance Group, Defendants-Counter-Defendant-Appellees.
DOWNEY COMMUNITY HOSPITAL, a California non-profit
corporation, as administrator under the Downey
Community Hospital Employee Benefit Plan
Trust, Plaintiff-Appellant,
v.
Barbara WILSON, as parent and guardian ad litem of Thomas
and Jerry Wilson, minor plan beneficiaries,
American Medical International, Inc., et
al., Defendants,
and
Marijane Zimmerli, D.O.; Brougher Insurance Company;
Sterling Investors Life Insurance Company,
Defendants-Appellants.
 Nos. 91-55171, 91-55792 and 91-55853.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 9, 1992.
Decided Oct. 7, 1992.
 
 Ralph J. Morgan, McDermott & Traynor, Newport Beach, Cal., for plaintiff, appellee and cross-appellant, Downey Community Hosp., etc.
 Cynthia L. Zedalis and Eric J. Emanuel, Quinn, Emanuel & Urquhart, Los Angeles, Cal., for defendants, appellants, and cross-appellees, American Medical Intern., Inc. and Marijane Zimmerli, D.O.
 Robert Peter Weiss, Los Angeles, Cal., for defendants and appellees, Sterling Investors Life Ins. Co. and Brougher Ins. Group, Inc.
 Appeal from the United States District Court for the Central District of California.
 Before: PREGERSON, D.W. NELSON, and WIGGINS, Circuit Judges.
 PREGERSON, Circuit Judge:
 
 
 1
 Appellants and Cross-Appellees American Medical International and Dr. Marijane Zimmerli appeal the district court's order granting declaratory relief in favor of Defendant/Appellees Sterling Investor Life Insurance Group and Plaintiff/Appellee Downey Community Hospital.[1] Appellant Del Amo/AMI also appeals the district court's award of attorney's fees to both Downey and to Sterling. Cross-Appellant Downey argues that the district court erred by not assessing attorney's fees against Dr. Zimmerli.[2] We have jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132, and affirm in part, reverse in part, and remand to the district court with instructions.
 
 I.
 
 2
 Barbara Wilson and Virginia Kheirandish were employees of Downey Community Hospital. As Downey employees, they were covered under an ERISA plan for their health benefits. The Downey plan was self-funded for claims up to $50,000. Downey's stop-loss carrier, Sterling Life Investors Company, provided insurance for covered claims in excess of $50,000.
 
 
 3
 Ms. Kheirandish's son William, and Ms. Wilson's two sons Thomas and Jerry, were all treated at Del Amo Hospital by Dr. Marijane Zimmerli. The three children received treatment, including lengthy hospitalization, over the period from 1986 to 1988. Del Amo Hospital is owned by American Medical International.[3]
 
 
 4
 The Downey plan contains a $25,000 lifetime cap on treatment for mental illness. Treatment for medical conditions is subject to a $1,000,000 lifetime limitation.
 
 
 5
 The mental illness treatment provisions were exhausted for all three children. Consequently, coverage for remaining treatment would be available only if the children's conditions were classified as a medical illness rather than as a mental illness. During the period the children were hospitalized, Downey had several evaluations conducted by outside reviewers and administrators to determine the nature of the children's conditions and the proper treatment. In addition, Downey asked its stop-loss carrier whether it would cover the children's treatment once Downey had paid $50,000 in benefits. Sterling responded that it could not determine coverage until an actual claim was made by Downey and after $50,000 in benefits had been paid.
 
 
 6
 Downey Community Hospital filed for declaratory relief in district court against Del Amo/AMI and Dr. Zimmerli. Downey's stop-loss carrier Sterling was brought in as a third-party defendant. Sterling and Downey agreed to resolve between themselves whether the health conditions suffered by the children were medical or psychiatric within the meaning of the plan. Sterling and Downey jointly retained three medical experts and stipulated that they would be bound by the expert panel's decision. On the basis of the panel's judgment, Sterling and Downey both argued at trial that the children were not suffering from a medical condition.
 
 
 7
 Following a five-day trial, the district court ruled in favor of Downey and Sterling on this issue. The district court also ordered Del Amo/AMI to pay attorney's fees and costs incurred by Downey and by Sterling. The court found that Dr. Zimmerli did not have the financial means to satisfy such an award.II.
 
 
 8
 Dr. Zimmerli and Del Amo/AMI argue that the children all suffered from some form of organic brain disorder which was a medical condition and not mental illness. Downey and Sterling dispute this characterization, and further allege that Dr. Zimmerli falsified her diagnosis to take advantage of the more generous provisions available in the Downey plan for treatment of medical illness.
 
 
 9
 The district court concluded that the children's hospitalization costs were subject to the $25,000 policy cap for treatment of mental illness. We review the district court's finding for clear error. Kunin v. Benefit Trust Life Insurance Co., 910 F.2d 534, 537 (9th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 581, 112 L.Ed.2d 587 (1990) (citing United States v. McConney, 728 F.2d 1195 (9th Cir.), cert. denied, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984)).
 
 
 10
 The district court's conclusion is supported by two alternative findings. First, the district court found that the children's conditions fit the definition of mental illness because "they were not caused substantially or demonstrably, or even at all, by any known physical condition or illness." Second, the district court found that Dr. Zimmerli's deliberately misdiagnosed the children to avoid the $25,000 coverage limitation applicable to treatment for mental illness.
 
 
 11
 We do not find clear error in the district court's conclusion that the children's hospitalizations were subject to the $25,000 coverage limitation for mental illness. Contrary to Del Amo/AMI's contention, the district court's conclusion does not depend on the definition of mental illness. The district court found that the children's conditions had no demonstrable organic basis. The question whether mental illness has an organic or non-organic basis was therefore not relevant to the court's finding.
 
 
 12
 A medical illness does have an organic basis. Because the children's conditions did not stem from an organic cause, they could not qualify for coverage under the medical illness provisions of the plan. Consequently, Del Amo/AMI's arguments about the proper definition of mental illness and its possible ambiguities are unavailing.
 
 
 13
 Del Amo/AMI's contentions that the district court relied improperly on evidence that was not available to Downey at the time coverage and treatment decisions were made is similarly unpersuasive. Expert testimony given at trial was relevant to suggest that Dr. Zimmerli's misdiagnosis was deliberate and that Del Amo/AMI's oversight of the children's treatment was inadequate. Consequently, even if the district court's review of the plan's coverage decision is restricted to the evidence that Downey had at the time benefits decisions were made, that limitation does not apply to the question whether a medical provider deliberately misdiagnosed a patient to obtain coverage.
 
 
 14
 We do not find clear error in the district court's conclusion that the children's hospitalizations were subject to the $25,000 limitation for mental illness. We therefore turn to the various issues raised by the district court's attorney's fee awards to Downey and to Sterling.
 
 III.
 
 15
 The district court's awards of attorney's fees are disputed by the parties on several grounds. Del Amo/AMI challenges the attorney's fee awards made both to Downey and to Sterling, though for different reasons. For their part, Downey and Sterling maintain that the district court erred by not charging attorney's fees against Dr. Zimmerli.
 
 A.
 
 16
 Del Amo/AMI challenges the district court's award of attorney's fees under 29 U.S.C. § 1132(g)[4] to Downey for two reasons. First, Del Amo/AMI asserts that the district court misapplied the Hummell criteria.[5] 5] Second, Del Amo/AMI argue that the district court awarded attorney's fees to Downey for litigation against other parties, including state court actions.
 
 
 17
 The district court applied the Hummell criteria when it made findings to support its award of attorney's fees in favor of Downey. The record provides adequate support for the court's findings, and we find no abuse of discretion.
 
 
 18
 We agree, however, that the district court's award of attorney's fees should not include Downey's costs of litigating in state court. The state court actions were not brought under ERISA. Consequently, section 1132(g)(1) provides no authority for an award of costs incurred by Downey in those actions.
 
 
 19
 It is not clear from the district court's order whether Downey's costs of litigating against other parties in federal court should have been included in an attorney's fee award under section 1132(g). The district court's findings in support of such an award are not specific enough to indicate whether the type of analysis required under Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), Cabrales v. County of Los Angeles, 864 F.2d 1454 (9th Cir.1988), cert. granted and judgment vacated, 490 U.S. 1087, 109 S.Ct. 2425, 104 L.Ed.2d 982 decision reinstated, 886 F.2d 235 (1989), cert. denied, 494 U.S. 1091, 110 S.Ct. 1838, 108 L.Ed.2d 966 (1990) and Corder v. Gates, 947 F.2d 374 (9th Cir.1991) was properly made. We therefore remand to the district court to reevaluate that portion of the award to Downey that represents the costs of litigating against other parties in federal court in light of Hensley and cases following it.
 
 
 20
 To its credit, Sterling brought this court's attention to the Supreme Court's decision in West Virginia University Hospitals, Inc. v. Casey, --- U.S. ----, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991), where the Court held that expert witness fees are not recoverable in a federal civil rights action except as provided in 28 U.S.C. § 1920. West Virginia University Hospitals, 111 S.Ct. at 1148. The same rule should apply here.
 
 
 21
 We therefore remand to the district court with instructions to recalculate the award of attorney's fees and costs to Downey against Del Amo/AMI in accordance with this disposition.
 
 B.
 
 22
 Del Amo/AMI challenges the district court's award of attorney's fees to Sterling on the grounds that Del Amo/AMI had no dispute with the stop-loss insurer and could neither sue or be sued by them. Sterling contends that its interests were aligned with Downey and that, like Downey, it is a prevailing party under ERISA and entitled to attorney's fees.
 
 
 23
 Whether Sterling is a prevailing party under ERISA within the meaning of section 1132(g) is a question of statutory interpretation that we review de novo. See Batchelor v. Oak Hill Medical Group, 870 F.2d 1446, 1447 (9th Cir.1989) (citing Trustees of Amalgamated Ins. Fund v. Geltman Indus., Inc., 784 F.2d 926, 929 (9th Cir.), cert. denied, 479 U.S. 822, 107 S.Ct. 90, 93 L.Ed.2d 42 (1986)). We conclude that ERISA does not authorize an award of attorney's fees to Sterling and reverse the district court's ruling on this issue.
 
 
 24
 The district court has authority under section 1132(g) to award attorney's fees in an "action ... by a participant, beneficiary, or fiduciary" of a fund covered by ERISA. There is no ambiguity in the wording of the statute. M & R. Inv. Co., Inc. v. Fitzsimmons, 685 F.2d 283, 288 (9th Cir.1982). Sterling does not qualify as a prevailing party under ERISA because it is neither a participant, fiduciary, nor a beneficiary of the plan.
 
 
 25
 This reading of the statute accords with both its terms and its purpose. The statute is intended to provide low-cost resolution of disputes where possible and to encourage beneficiaries to pursue legitimate claims and for administrators and fiduciaries to protect plan assets. Awarding attorney's fees to excess insurers could undermine the purpose of ERISA by discouraging beneficiaries from attempting to vindicate legitimate claims.
 
 
 26
 We therefore reverse the district court's award of attorney's fees and costs in favor of Sterling.
 
 C.
 
 27
 Finally, Downey argues that the district court erred by not charging attorney's fees against Dr. Zimmerli. The district court applied the Hummell criteria and found that Dr. Zimmerli did not have the financial ability to satisfy such an award. See Hummell, 634 F.2d at 453. We find no abuse of discretion in the district court's factual determination of Dr. Zimmerli's ability to pay a substantial award of attorney's fees.
 
 IV.
 
 28
 For the reasons stated above, we affirm the district court's decision against Del Amo/AMI and Dr. Zimmerli on the issue of coverage. We remand to the district court to recalculate the award of attorney's fees to Downey consistent with this disposition. We reverse the award of attorney's fees to Sterling, but affirm the district court's decision not to charge Downey's attorney's fees against Dr. Zimmerli.
 
 
 29
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
 
 
 
 [1]
 This action for declaratory relief presents the odd circumstance where a named defendant Sterling and the plaintiff Downey were joined in a common cause insofar as both parties challenged the medical defendants' claim. Accordingly, when granting declaratory relief to Downey, the district court entered judgment in favor of both Downey and Sterling
 
 
 [2]
 Sterling's general agent, Brougher Insurance Group, Inc., is no longer a party to this action
 
 
 [3]
 Except where Dr. Zimmerli is referred to specifically, all references to Del Amo/AMI include Del Amo, American Medical International, and Dr. Zimmerli
 
 
 [4]
 Section 1132(g)(1) provides that:
 In any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.
 
 
 [5]
 Those factors are:
 (1) the degree of the opposing parties' culpability or bad faith;
 (2) the ability of the opposing parties to satisfy an award of fees;
 (3) whether an award of fees against the opposing parties would deter others from acting in similar circumstances;
 (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; AND
 (5) the relative merits of the parties' positions.
 Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir.1980).