**Ruth HABERERN, Plaintiff,**

**v.**

**KAUPP VASCULAR SURGEONS, LTD.; Defined Benefit Plan and Trust Agreement; Lehigh Valley Vascular Surgeons Ltd.; Lehigh Valley Vascular Surgeons Ltd. Retirement Plan; and Kenneth M. McDonald, Trustee, Defendants.**

Civ. A. No. 88–1853.

United States District Court, E.D. Pennsylvania.

May 23, 1994.

96

Thomas J. Maloney, Bruce E. Davis, Bethlehem, PA, Lawrence T. Fox, Paul Fitzmauice, Philadelphia, PA, for plaintiff.

Kevin T. Fogerty, Allentown, PA, for defendants.

### MEMORANDUM AND ORDER

HUYETT, District Judge.

### I. INTRODUCTION

In this action, Ruth Haberern ("Plaintiff") successfully challenged Defendants' violations of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA").[1] Plaintiff now requests attorneys' fees and costs in the amount of $276,611.30 for services rendered by Drinker, Biddle & Reath ("Drinker"), $38,156.66 for services rendered by Maloney, Danyi, Davis & Danyi ("Maloney"), and $15,242.00 for services rendered by the accounting firm Buckno, Lisicky & Company ("Buckno"). In the alternative, Plaintiff seeks enhanced fees of $333,461.30 for Drinker, and $18,242.00 for Buckno reflecting fees calculated at 1993 hourly rates. Plaintiff does not request an enhanced fee for Maloney.

### II. THE "URSIC" FACTORS

Section 502(g)(1) of ERISA, 29 U.S.C.A. § 1132(g)(1), provides: "[i]n any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court, in its discretion, may allow reasonable attorney's fees and costs of action to either party."

█ In the Third Circuit, courts consider five factors in determining whether to award attorneys' fees under ERISA:

a) the offending parties' culpability or bad faith;

b) the offending parties' ability to pay;

c) the deterrent effect of an award of attorneys' fees on the offending party and others similarly situated;

d) the benefit conferred on members of the pension plan as a whole; and

e) the relative merits of the parties' position.

*Ursic v. Bethlehem Mines,* 719 F.2d 670, 673 (3rd Cir.1983). The Court must consider "each factor in balance and relationship to the others." *Ellison v. Shenango Inc. Pension Bd.,* 956 F.2d 1268, 1278 (3d Cir.1992). Applying the *Ursic* factors, the Court finds that the Plaintiff is entitled to reasonable attorneys' fees and costs.

First, Defendants' culpability and bad faith supports an award of attorneys' fees. The Defined Benefit Pension Plan ("Plan") required Defendant Lehigh Valley Vascular Surgeons, Ltd. ("Lehigh Valley") to contrib-

1. *Haberern v. Kaupp Vascular Surgeons Benefit Plan,* 822 F.Supp. 247 (E.D.Pa.1993).

ute to Plaintiff's pension. Instead, Lehigh Valley compelled Plaintiff to fund her own pension by reducing her salary, and used the money saved to fulfill Lehigh Valley's contribution obligations. *Haberern*, 822 F.Supp. at 253. Defendants collectively misled Plaintiff as to Lehigh Valley's obligation to contribute and as to the nature of the contributions and pension benefits. *Id.* at 254, 260–61. Lehigh Valley passed a discriminatory amendment to the Plan that tripled the face value of all other participants' life insurance policies, while totally eliminating the Plaintiff. *Id.* at 254. After Plaintiff retired, Defendants offered a series of excuses delaying any distribution of Plaintiff's pension benefits for over two years. *Id.* at 255.

■ Second, as Defendants have failed to produce any evidence on point, the Court must conclude that they are able to satisfy any award. *Ellison*, 956 F.2d at 1277; *Monkelis v. Mobay Chemical*, 827 F.2d 935, 937 (3d Cir.1987).[2]

Third, in light of Defendants' culpability and shocking disregard for the rights of Plan beneficiaries, an award of attorneys' fees will be a useful deterrent against future violations of ERISA. The retirement of Dr. Kaupp, who Defendants argue was primarily responsible, does not alter this conclusion. Defendants' collective actions misled Plaintiff and sought to deprive Plaintiff of her rights.

Fourth, although no other Plan participant will receive pecuniary benefit from this action, they will benefit from its deterrent effect. Further, "the failure of plaintiff's action to confer a common benefit on a group of pension plan participants does not bar their recovery of attorney's fees." *Ford v. New York Central Teamsters Pension Fund*, 642 F.2d 664, 665 (2d Cir.1981); *see also Devine v. Xerox Corp.*, 668 F.Supp. 351, 358 (D.Del.1986).

■ Fifth, the relative merits of the parties' positions weigh in favor of an award of attorneys' fees to Plaintiff. Plaintiff prevailed on the merits of most of her claims.

*Haberern*, 822 F.Supp. at 265–66. The Court is not persuaded by Defendants' repeated attempts to characterize its conduct as the mere reduction of an at will employee's salary. This case involved an employer's diversion of an employee's salary to satisfy the employer's pension contribution obligations. *Id.* at 253. Equally without merit is Defendants' contention that Plaintiff lacked standing to assert a claim under Section 105 of ERISA because she had retired and, thus, was no longer a Plan "participant." Any former employee with a "colorable claim" to vested benefits is a Plan participant. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117, 109 S.Ct. 948, 958, 103 L.Ed.2d 80 (1989).

Defendants' refusal to pay Plaintiff's pension benefits was founded upon "a series of excuses." *Id.* at 255. In particular, the attempted imposition upon Plaintiff of a release was "arbitrary and capricious." *Id.* at 263. "Nothing in the [Plan] or ERISA states that Plaintiff is required to execute a release to receive a distribution of her pension benefits." *Id.* Defendants' argument that they amended the Plan without discriminatory intent was "unworthy of belief." *Id.* at 262.

Considering each *Ursic* factor "in balance and relationship to the others," the Court finds that Plaintiff is entitled to attorneys' fees. Defendants are not.

## III. CALCULATION OF REASONABLE ATTORNEYS' FEES

■ Plaintiff bears the burden of proving reasonableness of fees claimed. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1982); *Keenan v. City of Philadelphia*, 983 F.2d 459, 473 (3d Cir.1992). The starting point for determining a reasonable fee is calculation of the "lodestar." The lodestar is the product of an attorney's reasonable hourly rate and the number of hours reasonably expended. The lodestar may be adjusted to reflect failure to succeed on unrelated claims, as well as the degree of success achieved on related claims.

---

**2.** Contrary to Defendants assertion, Plaintiff's ability to pay attorneys' fees is not relevant. *Ellison*, 956 F.2d at 1277 ("[i]t is incorrect to consider the lump sum [plaintiff] belatedly received as

a result of successful litigation as a source of funds out of which he can pay his attorney's fees").

## A. Relatedness of Claims and Degree of Success

Defendants argue that any award with respect to the services of Drinker and Maloney should be reduced because Plaintiff did not succeed on all her claims.[3] Attorneys' time is non-compensable if spent on unsuccessful claims based on facts and legal theories distinct from those on which Plaintiff succeeded. *Hensley*, 461 U.S. at 434–35, 103 S.Ct. at 1939–40. However, where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have her attorney's fee reduced simply because the court did not adopt each contention raised. *Id.* at 440, 103 S.Ct. at 1943.

In the present action, "Plaintiff has prevailed on her core claims at trial and has achieved a significant amount of relief that she sought." *Haberern*, 822 F.Supp. at 266. Plaintiff's failed claims were related to her successful claims. Moreover, Plaintiff achieved an excellent result. "Where a plaintiff obtains excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation." Accordingly, the Court will not reduce Plaintiff's fee award to reflect any limited success or unrelatedness of claims.

## B. Hourly Rate

An attorney's hourly rates must be reasonable when compared to rates actually billed and paid in the market place for similar services rendered by lawyers of comparable skill, experience and reputation. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). Where the applicant's evidence is insufficient, courts may draw on their own experience in determining the rate. *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988). Applying these standards, considering the affidavits submitted by Plaintiff and drawing on its own experience, the Court finds the hourly rates charged by Drinker and Maloney to be reasonable.

## C. Hours Expended by Drinker

In determining the reasonableness of time spent, courts must consider the difficulty and complexity of the case. *Lindy Bros. Bldrs., Inc. of Phila. v. Am. R. & S. Sanitary Corp.*, 487 F.2d 161, 168 (3d Cir.1973). This case involved complex ERISA issues. It was litigated over a six year period and involved facts almost a decade old. Drinker has submitted a detailed affidavit attaching contemporaneous time records kept over the six-year period. Further, the work performed by both Drinker and Maloney was highly competent and an excellent result was achieved.

Having carefully reviewed Drinker's time records, the Court finds that, for the most part, the number of hours expended by Drinker on Plaintiff's action are reasonable. Defendants correctly argue that there was some duplication because attorney Hall left Drinker part way through the case. A certain amount of time was spent familiarizing his replacement, attorney Fitzmaurice, with the case. Accordingly, the fee award will be reduced by $2072.5, representing 10 hours of attorney Fitzmaurice's time, 2.5 hours of attorney Hall's time and 2 hours of attorney Fox's time. The Court rejects Defendants' other contentions.

Even if the Court did not consider the hours billed by Drinker to be reasonable, Defendants objections are largely inadequate. In this Circuit "the adverse party's submission cannot merely allege in general terms that the time spent was excessive." *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 720 (3d Cir.1989). To be sufficient, Defendants' challenges to the fee request must: (1) generally identify the type of work challenged; and (2) specifically state the grounds for contending the time spent was unreasonable. *Id.* Defendants' challenges often fail to meet this standard. Further, courts may not sua sponte reduce an award of attorneys' fees under ERISA. *Bell*, 884 F.2d at 719. A district court "retains a great deal of discretion in deciding what a reasonable fee award is, so long as any reduction is

---

3. Defendants cites Plaintiff's unsuccessful claims for punitive and extra contractual damages,

Plaintiff's request for jury trial and motion for reconsideration.

based on objections actually raised by the adverse party." *Id.* at 721; *Hensley,* 461 U.S. at 437, 103 S.Ct. at 1941.

■ In addition to the lodestar, Plaintiff requests $14,591.30 costs. Defendants argue that charges for car rentals, overtime meals, copying, and overnight mail are excessive. The Court agrees that Defendants should not be required to pay for Drinker's staff's meals. Thus, a reduction of $741.04 is appropriate. In addition, as Drinker made excessive recourse to overnight mail services, the award will be reduced by $600. However, the Court believes that the other costs listed could reasonably have been incurred in this action and will make no further reduction.

■ With respect to Drinker's services, Plaintiff requests an enhanced fee for delay in payment. "In appropriate cases, the lodestar ought to be adjusted to account for the incurred costs of the delay plaintiffs' counsel has undergone in receiving payment." *Keenan,* 983 F.2d at 476. However, Plaintiff bears the burden of documenting the need for a delay multiplier. *Id.* "This evidence should document the costs of receiving delayed payment of fees." Plaintiff has not met this burden. It has not explained the costs involved or how the court is to calculate an enhanced fee. Plaintiff merely asserts that Drinker's hourly rates are now higher. Drinker even failed to detail the increase in those hourly rates despite the court's request for additional briefing on the reasonableness of the rates charged. Accordingly, no enhanced fee will be awarded.

### D.  *Hours Expended by Maloney*

■ Defendants have asserted 18 objections to Maloney's time entries. The Court finds a number of these objections to be meritorious. Maloney duplicated the efforts of lead counsel Drinker. In particular, Maloney charged for attorney Davis's attendance at trial and depositions where his function appears to have been as an observer. Maloney's role in this action should have been significantly reduced once Drinker was en-

gaged in July, 1988. Maloney's attendance at meetings and conferences, and his participation in pre-trial and post-trial activities, after that date are, in part, duplicative. The Court must reduce the award for redundancy and over-staffing. *Hensley,* 461 U.S. at 432, 103 S.Ct. at 1938–39. A reduction of 74.5 hours, or $5,215 is reasonable.

■ Defendant also argues that Maloney billed for travel time at his regular rate. Because counsel do not perform the legal tasks justifying their hourly rate when travelling a reduction is appropriate. *See, e.g., Rank v. Balshy,* 590 F.Supp. 787, 796–97 (M.D.Pa.1984). That reduction shall be 50% of the travel time. Approximately 44.5 hours were billed for travel, resulting in a reduction in the fee award of $1,557.5.[4]

■ Maloney also claims certain excessive disbursements. These include the cost of a private meeting room rental and associated meals, and the purchase of ERISA treatises. Accordingly, Maloney's costs will be reduced by $322.8.

### D.  *Hours Expended by Buckno*

■ The Court will deny recovery of most expenses claimed in relation to the services rendered by Buckno. Absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witnesses as costs, courts are bound by the limitations of 28 U.S.C. § 1920 and § 1821. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 445, 107 S.Ct. 2494, 2499, 96 L.Ed.2d 385 (1987); *West Virginia Univ. Hospitals, Inc. v. Casey,* 499 U.S. 83, 86, 111 S.Ct. 1138, 1140–41, 113 L.Ed.2d 68 (1991). In particular, expert witness fees are not recoverable in ERISA actions except as provided by 28 U.S.C. § 1920. *Downey Community Hospital v. Wilson,* 977 F.2d 470, 474 (9th Cir.1992). Accordingly, Plaintiff may only recover $40 for each day Mr. Lisicky attended trial. This figure cannot be calculated from the documentation Plaintiff has provided the Court. Accordingly, Plaintiff

---

**4.** The court has not reduced travel time that has been previously deducted as redundant or duplicative.

should submit details of the days Mr. Lisicky attended trial.

## IV. *CONCLUSION*

Attorney fee petitions are one of the easiest areas for attorneys to save their clients money or lose their clients money. This Court is constantly amazed by the lack of specificity evidenced by most fee petitions and objections thereto, and the lack of attention paid by counsel to the governing law.

■ Review of fee petitions is onerous enough without requiring district courts to do counsel's leg-work. Third Circuit law already gives district courts broad discretion to reduce fees or strike objections for lack of specificity. This Court will exercise that discretion.

On the facts of this case, and for the reasons stated above, Plaintiff is awarded attorneys fees in the amounts stated in the attached Order. The parties shall further brief the Court as to the proportion of the award each Defendant should bear.

An appropriate Order follows.

### *ORDER*

Upon consideration of the petition of Ruth Haberern ("Plaintiff") for an award of attorneys' fees and costs, and the arguments of counsel in support and in opposition thereto, Plaintiff is awarded the following:

1. For the services and costs of Drinker, Biddle & Reath—$273,197.76;

2. For the services and costs of Maloney, Danyi, Davis & Danyi—$31,061.36; and

3. For the services of Buckno, Lisicky & Company—$40 for each day that Mr. Lisicky attended trial.

Within 10 days of the date this Order is docketed by the Clerk of the Court, Plaintiff shall submit to the Court, by facsimile transmission, proof of Mr. Lisicky's attendance at trial.

Within 10 days of the date this Order is docketed by the Clerk of the Court, Plaintiff and Defendants shall also file proposals for the division of responsibility for the fee award. The proposals shall be filed with the Clerk of the Court in Philadelphia with a copy, by facsimile transmission, to the Reading Chambers.

IT IS SO ORDERED.