PARK SOUTH HOTEL
CORP., Plaintiff,

v.

NEW YORK HOTEL TRADES COUNCIL
AND HOTEL ASSOCIATION OF NEW
YORK CITY, INC., PENSION FUND,
Defendant.

No. 87 Civ. 2068 (JES).

United States District Court,
S.D. New York.

July 7, 1989.

Robinson, Silverman, Pearce, Aronsohn & Berman, New York City (Andrew Irving, of counsel), for plaintiff.

Shea & Gould, New York City (Michael Lesch, Christopher J. Sues, Stephen Lew, of counsel), for defendant.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

The facts and prior proceedings in this action are set forth in the opinions of this Court and the Second Circuit. *See Park South Hotel Corp. v. New York Hotel Trades Council*, 671 F.Supp. 1000 (S.D.N.Y.1987), *rev'd*, 851 F.2d 578 (2d Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 493, 102 L.Ed.2d 530 (1988). Familiarity with those opinions is assumed.

Plaintiff, having prevailed in the underlying action and obtained a judgment declaring that it is not required to pay withdrawal liability to defendant under the Multiemployer Pension Plan Amendments Act ("MPPAA"), 29 U.S.C. § 1381 *et seq.* (1982), now applies for an award of attorney's fees under 29 U.S.C. § 1451(e).[1]

## DISCUSSION

■ The Second Circuit has never addressed the question of when attorney's fees should be awarded under section 1451. The majority of those circuits that have addressed the question have held that a district court should apply the standard developed under the related Employee Retirement Income Security Act ("ERISA") provision, 29 U.S.C. § 1132(g)(1) (1982).[2] This is also the standard which plaintiff argues should apply here. Defendants contend, however, that the proper standard is the more stringent one adopted by the Third Circuit in *Dorn's Transportation, Inc. v. Teamsters Pension Trust Fund of*

*Philadelphia and Vicinity*, 799 F.2d 45 (3d Cir.1986). Although the Court finds defendant's position more persuasive, under either standard plaintiff's application for attorney's fees must be denied.

In *Dorn's*, the Third Circuit held that attorney's fees under section 1451 should only be awarded against a pension plan when the plan's underlying legal position was "frivolous, unreasonable, or without foundation." *See Dorn's, supra*, 799 F.2d at 46. Reasoning that pension plans suing under MPPAA, like plaintiffs in civil rights actions, are seeking to enforce federal policies designed for their benefit, the *Dorn's* Court applied the standard enunciated by the Supreme Court for civil rights actions, *see Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)[3], to an application for attorney's fees against a pension plan under section 1451. *See Dorn's, supra*, 799 F.2d at 4849. The Court agrees with that analysis.

Just as the civil rights statutes were designed to encourage the vindication of individual civil rights by providing effective access to a federal forum, MPPAA was designed to protect and strengthen pension plans by creating new situations in which employers would face withdrawal liability. *See id.* at 48–49. It follows that even when a pension plan loses an action in which it has attempted to impose withdrawal liability, it has nonetheless sought to enforce federal law and to fulfill its fiduciary duty to its beneficiaries. *See id.* at 49. Therefore, to impose attorney's fees against a pension plan in cases where the legal position of the fund is not frivolous, unreasonable or without foundation would deter the very conduct Congress sought to encourage.

■ Here the Plan's claim was far from frivolous and presented an issue of first

---

1. Section 1451(e) provides that: "In any action under this section, the court may award all or a portion of the costs and expenses incurred in connection with such action, including reasonable attorney's fees, to the prevailing party."

2. Section 1132(g)(1) states that: "In any action under this subchapter ... by a participant, ben-

eficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee ... to either party."

3. *Cf. Independent Federation of Flight Attendants v. Zipes*, —— U.S. ——, 109 S.Ct. 2732, —— L.Ed. 2d —— (1989).

impression as to which this Court and the Second Circuit disagreed. Therefore, an award of attorney's fees against the plan in these circumstances would not be consistent with the remedial purpose Congress sought to achieve in enacting MPPAA.

In any event, even under the less rigorous standard enunciated by the Sixth, Seventh and Ninth Circuits,[4] an award of attorney's fees would not be appropriate here. Under that standard, the Court must consider five factors: 1) whether the action benefits a common class of beneficiaries; 2) the culpability or bad faith of the losing party; 3) the losing party's ability to pay; 4) whether an award of attorney's fees would deter others; and 5) the relative merits of the parties' positions. *See Miles v. New York State Teamsters Conference Pension and Retirement Fund Employee Pension Benefit Plan*, 698 F.2d 593, 602 n. 9 (2d Cir.1983); *Ford v. New York Central Teamsters Pension Fund*, 506 F.Supp. 180, 183 (W.D.N.Y.1980), *aff'd*, 642 F.2d 664 (2d Cir.1981).

The parties agree that the first factor is not relevant to this action. Nor do the other factors, except possibly ability to pay, support an award of attorney's fees here. It cannot be even colorably argued that defendant acted in bad faith, and defendant's position in this litigation was certainly at least arguably meritorious. It follows that an award of attorney's fees cannot be justified on the ground of deterrence. Therefore, plaintiff's application for an award of attorney's fees must be denied.

It is SO ORDERED.

---

**4.** *See Central States, Southeast and Southwest Areas Pension Fund v. 888 Corp.*, 813 F.2d 760 (6th Cir.1987); *Rootberg v. Central States, Southeast and Southwest Areas Pension Fund*, 856 F.2d 796 (7th Cir.1988); *Cuyamaca Meats, Inc. v. San Diego and Imperial Counties Butchers' and Food Employers' Pension Trust Fund*, 827 F.2d 491 (9th Cir.1987). All of these cases hold that because MPPAA modified ERISA, and because the language of section 1451 is similar to the language of section 1132, the same standard should apply to both. The Court notes, however, that in most cases even a section 1132 analysis is likely to disfavor an award of attorney's fees against a plan. *Cf. Cuyamaca Meats, supra*, 827 F.2d at 500; *Carpenters Southern California Administrative Corp. v. Russell*, 726 F.2d 1410 (9th Cir.1984).