**CORAM HEALTHCARE CORPORATION,**
Plaintiff,

v.

**CIGNA, Delta Airlines, and the Delta Airlines Health Plan (Alva Cook), Defendants.**

**No. 00 CIV.2677(RMB).**

United States District Court,
S.D. New York.

Oct. 10, 2002.

Abraham Wax, New York City, for plaintiff.

Ira G. Rosenstein, Orrick, Herrington & Sutcliff, New York City, for defendants.

## *ORDER*

BERMAN, District Judge.

### I. Background

Following the Court's Order dated July 23, 2002 ("July Order"), dismissing Plaintiff Coram Health Corporation's ("Plaintiff") claim for breach of contract, Defendants CIGNA, Delta Air Lines, Inc., and the Delta Family–Care Medical Plan (collectively, "Defendants") have petitioned the Court for an award of attorneys' fees and costs, pursuant to section 502(g)(1) of the Employee Retirement Income Security Act ("ERISA").[1]

---

1. Section 502(g)(1) of ERISA provides: "In any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).

For the reasons set forth below, Defendants' request for attorneys' fees and costs is denied.

## II. Standard of Review

■ To determine whether to award attorneys' fees, courts generally review five factors: "(1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants." *Chambless v. Masters, Mates & Pilots Pension Plan,* 815 F.2d 869, 871 (2d Cir.1987).

"The Second Circuit appears to have contemplated that these factors will be weighed, rather than applied as a check list." *Dobson v.Hartford Fin. Servs. Group, Inc.,* No. 3:99 CV 2256, 2002 WL 31094894 (D.Conn. Aug.2, 2002) (citing *Lauder v. First Unum Life Ins. Co.,* 284 F.3d 375, 383 (2d Cir.2002)). The Chambless test is "designed to further 'ERISA's essential remedial purpose of protecting beneficiaries of pension plans,'" so "application of the Chambless factors 'very frequently suggest[s] that attorney's fees should not be charged against ERISA plaintiffs.'" *Salovaara v. Eckert,* 222 F.3d 19, 28 (2d Cir.2000) (citations omitted).

## III. Analysis

■ Defendants contend that this suit was brought in bad faith, as Plaintiffs, among other things, "attempt[ed] to raise new claims for the first time at summary judgment" and failed "to exhaust the administrative remedies available under the Plan prior to filing suit." Memorandum of Law in Support of Defendants' Motion for Attorney's Fees and Costs dated Sept. 19, 2002, at 2 ("Def.Mem."). While Plaintiff did not succeed in this action, the Court believes, based upon the parties' submissions and (oral) argument, that Plaintiff reasonably believed that it was entitled to relief. See Plaintiff's Memorandum of Law in Opposition to Delta's Motion for Summary Judgment filed May 3, 2001, at 21. ("Plaintiff is entitled to be paid ... on all the claims. In no way did DELTA or CIGNA carry out on the terms of the plan, as they were bound to as fiduciaries.") "[I]n order to avoid a finding of bad faith ..., plaintiffs must have a reasonable belief that they could prove an actionable ERISA claim. While Appellants failed to prove any of their claims, ... a reasonable basis existed for Appellants to make their claims." *Salovaara,* 222 F.3d at 30 (quoting *Cline v. Indus. Maint. Eng'g & Contracting Co.,* 200 F.3d 1223, 1236 (9th Cir. 2000)); *see also Meredith v. Navistar Int'l Transp. Corp.,* 935 F.2d 124, 128 (7th Cir. 1991) (concluding that appeal was not brought in bad faith: "True, [he] should have known that his chances of achieving a reversal ... were slim. Slim, but not utterly hopeless."). The dismissal of Plaintiff's claims were based, among other things, upon the Court's finding that "[Defendant] CIGNA's determination of benefits [could not] be said to be either 'arbitrary or capricious,'" July Order at 24, not that Plaintiff had no reasonable basis to assert the claims.

As to the second factor, Defendants have not (precisely) documented the fees and costs they have incurred and only minimal evidence has been provided regarding Plaintiff's ability to pay.[2] Plaintiff might appear to be a "sizable corporation,"

---

2. The Court notes that Defendants have "made this motion without the benefit of any discovery about Plaintiff's ability to satisfy an award of fees." Def. Mem. at 11.

Def. Mem. at 11, which would (likely) be able to satisfy an award of attorney's fees and costs, although that cannot be assured on this record.

As to the third factor, "[t]he purpose of ERISA [is] to promote the interests of plan beneficiaries and allow them to enforce their statutory rights." *Jones v. O'Higgins*, 736 F.Supp. 1243, 1245 (N.D.N.Y.1990). "[W]here [as here] . . . an ERISA plaintiff has pursued a colorable (albeit unsuccessful) claim, the third Chambless factor likely is not merely neutral, but weighs strongly against granting fees to the prevailing defendant." *Salovaara*, 222 F.3d at 31.

The fourth factor favors Defendants, who prevailed upon summary judgment, but "this factor alone does not support an award of attorney's fees." *Kraemer v. HSBC USA Inc.*, No. 00 Civ. 9568, 2001 WL 893679, at *4 (S.D.N.Y. Aug.8, 2001).

With regard to the fifth factor, Defendants argue that the July Order "brings a significant benefit upon the remaining participants and beneficiaries of the Plan by allowing them to continue to enjoy their current level of benefits and protection," Def. Mem. at 12. "However, the language of [the fifth] factor asks whether 'the *action* conferred a common benefit' (emphasis added) a reference to the action prosecuted by the plaintiff." *Zimmer v. Reliance Standard Life Ins. Co. & Northwestern Mut. Life Ins. Co.*, No. 96 Civ. 5918, 1999 WL 76896 (S.D.N.Y. Feb.16, 1999). Some courts have even held the fifth factor is "inapplicable to an ERISA defendant." *Salovaara*, 222 F.3d at 28 (citing *Salovaara v. Eckert*, 1999 WL 33117364, at *3 (S.D.N.Y. May 27, 1999)) ("It is unclear how an award of fees [to the defendant] would 'vindicate the rights and protect the interests' of . . . participants in and beneficiaries of pension and welfare plans."). See also *Anita Founds., Inc. v. ILGWU Nat'l Ret. Fund*, 902 F.2d 185, 191 (2d Cir.1990) ("[The fifth factor] has been described in terms of the benefit conferred on pension plan participants and is not wholly applicable where it is the employer seeking fees.")

Weighing all of the factors, the Court exercises its discretion and finds that Defendants are not entitled to attorneys' fees and costs. *See Sigmund Cohn Corp. v. Dist. No. 15 Machinists Pension Fund et al.*, 804 F.Supp. 490 (E.D.N.Y.1992) ("The five factors will often balance against a prevailing employer.")

## IV. Conclusion

For the foregoing reasons, Defendants' request for attorneys' fees and costs is denied.